I wish UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Nos. 11 C 7696 |
| v. | ) | 04 CR 495-48 |
| | ) | |
| JEROME TERRELL | ) | Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Petitioner Jerome Terrell was convicted after a jury trial for his involvement in what the Court of Appeals described as a "sprawling narcotics-distribution network on the west side of Chicago, that has been in existence since 1998." *United States v. Martin*, 618 F.3d 705, 709 (2010). Terrell was sentenced to 300 months' imprisonment; the court later granted his motion for a sentence reduction, to 292 months. Terrell has moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He presents three grounds for relief: (1) trial counsel was ineffective in failing to object to testimony concerning the probable cause procedures used to obtain wiretap authorization; (2) Petitioner is actually innocent of a prior state conviction that was relied on to enhance his sentence; and (3) Petitioner has been unable to contact his trial counsel.

For the reasons explained here, the court concludes that none of these arguments provides a basis for postconviction relief.

## DISCUSSION

**1. Procedures for Obtaining Wiretap Authorization**

Petitioner's first argument relates to the procedures used by the government to obtain authorization for wiretapping of conspirators' telephones. As the court understands his position, Petitioner contends that the government improperly elicited testimony from F.B.I. agents concerning the procedures used in obtaining authorization for a wiretap. Such testimony is improper, Petitioner suggests, in part because the Department of Justice has issued a memorandum disapproving "such tactics." (Motion to Vacate [1], at 5.) If this argument is an challenge to the introduction of the wiretap evidence, the court notes, first, that there were no wiretapped recordings of Jerome Terrell's

telephone. (See Closing Argument, Trial Transcript at 1047 ("Now, we don't have Title IIIs on Jerome's telephone, and we don't have any drug seizures from Jerome or his home. No videotapes, no undercover buys from Jerome.")

Terrell may believe that he has standing to raise a Fourth Amendment objection on behalf of his co-Defendants (who were tried separately), and that his trial attorney was ineffective for failing to do so. To establish ineffective assistance on this basis, however, Terrell would have to show that the Fourth Amendment was in fact violated. See *Kimmelman v. Morrison*, 477 U.S. 365, 376 (1986) (where "defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, [petitioner] must also prove that his Fourth Amendment claim is meritorious . . ."). There was no such violation here. Counsel for co-Defendants mounted a substantial, though ultimately unsuccessful, challenge to the use of Title III material in this case on the basis of irregularities in the process for sealing the recordings. See Docket Entries 626, 749, 882, 946, 971, 1051, 1111. That challenge was the centerpiece of the co-Defendants' appeal, as well. Defense counsel prevailed on that argument, in that the Seventh Circuit ordered a limited remand for further findings on the matter of the failure to seal, generating another round of briefing and further written ruling from this court. See Docket Entries 2359, 2364, 2371, 2374. The admissibility of the recordings was ultimately upheld. In short, the matter was exhaustively explored, and the objection to use of the Title III materials failed.

Finally, Terrell has suggested that trial counsel erred by failing to object to the government's presentation to the jury of the procedures for obtaining Title III authorization. The standard for assessing such a challenge is familiar: Terrell would need to establish that his attorney's performance was deficient in that it fell below an "objective standard of reasonableness" under "prevailing professional norms," and that her performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Terrell's claim meets neither of these standards. As noted, the government offered substantial evidence of the steps it took to obtain authorization of

2

wiretaps–but none of those steps uncovered wrongdoing by Terrell himself. Trial counsel emphasized this point in her cross-examination of the agent:

> Q. Did you ever take money or drugs off of Jerome Terrell's person?
> A. No, we did not.
> Q. Now, you also said that you used pen registers; is that correct?
> A. Correct.
> Q. Now, did you ever use a pen register for Jerome Terrell?
> A. I don't recall getting a pen register on his phone.
> Q. Now, Agent, is it fair to say that in drug cases, phone calls are a big piece of evidence; is that right?
> A. In this particular type of case, phone calls are a big piece of evidence.
> Q. And is it fair to say that you heard certain phone calls from Mr. Jerome Terrell on these Title III tapes, is that correct?
> A. Yes.
> Q. Now, after hearing that information, did you ever apply for an affidavit to get a tape of his phone?
> A. No, we did not.
> Q. And, in fact, you never subpoenaed his own phone records, did you?
> A. I don't recall subpoenaing the phone records, no.

(Trial Transcript, at 67-68.) Counsel's strategy was apparent: she wanted the jury to understand that despite the government's extensive and careful efforts, surveillance did not uncover direct evidence of Terrell's criminal involvement. The fact that the strategy was unsuccessful, or even misguided, would not establish that counsel was ineffective. In evaluating counsel's performance, the court "must defer to any strategic decision the lawyer made that falls within the 'wide range of reasonable professional assistance,' even if that strategy was ultimately unsuccessful." *Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013). Counsel's decision to make no objection to evidence of the wiretap procedures falls within that wide range. And in light of the fact that the government did not obtain Title III authorization for any of Terrell's own phones, it is not surprising that he has not explained how that decision prejudiced him. His claim based on ineffective assistance fails.

**2.    Criminal History Determination**

Trial counsel withdrew prior to sentencing, and Terrell's retained attorney submitted an extensive written sentencing submission. Counsel did not challenge the calculations of Terrell's criminal history and made no mention of the purported invalidity of a prior drug conviction. To the

3

extent this is a constitutional challenge, it was one that could have been raised at that time and appears to be waived. *Theodorou v. United States*, 887 F.2d 1336 (7th Cir. 1989) (absent a showing of cause and prejudice, prisoner may not attack his sentence by raising constitutional issues for the first time in a § 2255 proceeding), citing *Bontkowski v. United States*, 850 F.2d 306, 312-13 (7th Cir. 1988). To the extent the issue is reframed as an ineffective counsel argument, it fares no better. The Presentence Investigation Report identifies four marijuana convictions, each generating one criminal history point, and a conviction for driving on a suspended license, worth two points. Only four points was necessary for Criminal History Category III, the level adopted by the court at sentencing. Thus, it appears that even if one of Petitioner's prior convictions was invalid, it would not have made a difference at sentencing, and counsel's failure to address the issue did not prejudice him.

**3.     Inability to Contact Trial Counsel**

Finally, Petitioner complains that he has been unable to contact his former attorneys. He does not suggest what information, if any, he is seeking from them. Petitioner did have the able assistance of retained counsel at sentencing and on appeal, and he has not suggested that those attorneys are unable to help him. In any event, there is no constitutional right to counsel in post-conviction proceedings. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009), citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Trial counsel's silence may be regrettable, but counsel's unwillingness or inability to contact Petitioner does not establish that his conviction or sentence violate the Constitution.

## **CONCLUSION**

Terrell has not established a basis for § 2255 relief. His petition is dismissed.

ENTER:

Dated: October 21, 2013

_____
REBECCA R. PALLMEYER
United States District Judge